UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James LeJeune and Donna Trethewey,

    Plaintiffs,

v.                                                                          No. 14-cv-3033 (JNE/HB)
                                                                          ORDER

United States of America,

    Defendant.

---

        Plaintiffs James LeJeune and Donna Trethewey ("Plaintiffs") bring this civil action for a refund of income taxes allegedly overpaid for tax year 2004. Plaintiffs filed their complaint on July 29, 2014, asserting that the Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1346(a)(1), which governs civil actions naming the Unites States as a defendant, and 26 U.S.C. § 7422, which governs actions "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected" or "of any sum alleged to have been excessive . . . ." The United States of America ("Defendant") has moved for summary judgment on two grounds, including that Plaintiffs are not entitled to a refund because the three-year look-back period imposed by 26 U.S.C. § 6511(b)(2)(A) expired before they filed their claim.

        Section 6511(b)(2)(A) provides that, if a taxpayer filed a claim for a refund within three years from the filing of his return, "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." In this case, LeJeune paid taxes for tax year 2004 through various credit offsets and levies imposed by the Internal Revenue Service ("IRS"). The last such payment was made on October 14, 2008. On May 22, 2012, Plaintiffs filed a joint tax return for tax year 2004, asserting their initial claim for a refund. On

November 15, 2012, they filed an amended return claiming a significantly larger refund. These facts are all undisputed. Def.'s Br. 3-6; Pls.' Opp. 1-2.

The parties' dispute regarding the timeliness of Plaintiffs' claim centers on whether an exception to the Section 6511 periods of limitation applies. Plaintiffs argue that the limitations have been tolled since January 1, 2008 because starting then, LeJeune was "financially disabled." Under Section 6511(h), "the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of [an individual taxpayer's] life that such individual is financially disabled." 26 U.S.C. § 6511(h)(1). The law defines "financially disabled" as when an "individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months," and provides that "[a]n individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." *Id.* § 6511(h)(2)(A). IRS Revenue Procedure 99-21 prescribes the "form and manner" required to prove this impairment. *Abston v. C.I.R.*, 691 F.3d 992, 994 (8th Cir. 2012) (discussing 1999-1 Cum. Bull. 960). Further, "[a]n individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters." 26 U.S.C. § 6511(h)(2)(B).

Defendant argues that Section 6511(h) does not apply and Plaintiffs' claim was late-filed under Section 6511(b)(2)(A). Def.'s Br. 10-11. The United States is immune from suit except to the extent that it explicitly waives its immunity. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). Defendant notes that with regard to civil suits for tax refunds, the United States has instituted limited waivers of immunity that are conditioned on a plaintiff's compliance with the

"strict jurisdictional prerequisites to suit." Def.'s Br. 11 (citing 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422); *see Abston*, 691 F.3d at 995 (referring to "[t]he limited waiver of sovereign immunity in § 6511(h)"). Defendant does not expressly state the implication of its arguments, which is that this Court may not have subject matter jurisdiction over Plaintiffs' action.

"Federal courts have no jurisdiction over a tax refund suit 'until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard.'" *Abston*, 691 F.3d at 995 (quoting 26 U.S.C. § 7422(a) and citing *C.I.R. v. Lundy*, 516 U.S. 235, 239-40 (1996)). Section 6511(b)(2)(A)'s "look-back" period is a time bar that makes a refund claim untimely if no tax payments were made within the three years (plus any applicable extension) immediately preceding the filing of the claim. *Lundy*, 516 U.S. at 239-40; *Abston*, 691 F.3d at 994, 996. And where the taxpayer's refund claim is otherwise time-barred by Section 6511's periods of limitation, failure to prove the applicability of Section 6511(h) as required means that the claim is "not 'duly filed.'" *Abston*, 691 F.3d at 995. Sovereign immunity is not waived with regard to a claim that is not duly filed, such as an untimely claim. *Ill. Lumber & Material Dealers Ass'n Health Ins. Trust v. United States*, 794 F.3d 907, 909 (8th Cir. 2015); *see also Abston*, 691 F.3d at 995. A federal court therefore has no subject matter jurisdiction over an untimely refund claim and must dismiss an action pursuing such a claim. *Ill. Lumber*, 794 F.3d at 913; *see also Dickow v. United States*, 654 F.3d 144, 149 (1st Cir. 2011); *Zeier v. IRS*, 80 F.3d 1360, 1364 (9th Cir. 1996); *cf. Blatt v. United States*, 34 F.3d 252, 257 (4th Cir. 1994).

Because Plaintiffs' last tax payment for tax year 2004 was made more than three years before they filed their refund claim, the look-back period of Section 6511(b)(2)(A) will operate

3

to deprive this Court of subject matter jurisdiction over Plaintiffs' claim unless Section 6511(h) suspended the running of the limitation period.

Thus focused on the subject matter jurisdiction question, the Court also concludes that even though Defendant moves for summary judgment, the motion should instead be treated as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), in which Defendant has made a factual challenge to jurisdiction. *Osborn v. United States*, 918 F.2d 724, 728-30 (8th Cir. 1990). Unlike with a summary judgment motion, the Court must decide the factual questions as well as the legal to determine whether it has jurisdiction over Plaintiffs' claims. *Id.* at 729-30. Plaintiffs bear the burden of proving that jurisdiction exists. *Id.* at 730.

The parties did not expressly contemplate that their arguments implicate subject matter jurisdiction or address the applicable standards in that instance. Therefore, the Court hereby grants the parties an opportunity to address whether subject matter jurisdiction exists and to direct the Court's attention to additional evidence, if any, relevant to this question. Accordingly, on or before February 1, 2016, Defendant may submit a memorandum and affidavits or other evidence; and on or before February 16, 2016, Plaintiffs may respond with a memorandum and affidavits or other evidence. The parties may also request an evidentiary hearing on this question; if desired by either party, the parties should by February 1, 2016 submit a joint report making the request and explaining why such a hearing is (or, if the parties disagree, is not) necessary, and contact the Court as soon as possible to tentatively schedule a hearing date.

IT IS SO ORDERED.

Dated: January 11, 2016                                   s/ Joan N. Ericksen
                                                          JOAN N. ERICKSEN
                                                          United States District Judge